

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*                *1550 Main Street, Suite 310*
                                                *Springfield,, Massachusetts 01103*

September 24, 2004

C. Jeffrey Kinder, Esq.
64 Gothic Street
Northampton, MA   01103

Judith C. Knight, Esq.
342 Main Street
Great Barrington, MA   01230

> Re:   **United States v. Paul Calcasola and Elisabel Rivas**
>        **CR-N-40002-MAP**

Dear Attorneys Kinder and Knight:

This letter sets forth the Agreement entered into between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your clients, Paul Calcasola and Elisabel Rivas ("Defendant"). The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, Defendant Paul Calcasola shall plead guilty to Indictment CR-N-40002-MAP in which Defendant Paul Calcasola is charged with Count One, Conspiracy to Commit Bank Fraud, a violation of Title 18, United States Code, Sections 371 and 1344. Defendant Paul Calcasola expressly and unequivocally admits that he knowingly, intentionally and willfully committed the crime charged in the Indictment, and is in fact guilty of that offense. The Government agrees to dismiss Counts Two through Four against defendant Paul Calcasola at the time of sentencing.

Elisabel Rivas agrees to pay $1,800.00 in restitution to the City of Springfield as referenced in Paragraph 8. The restitution may be paid by defendants Paul Calcasola and/or Elisabel Rivas singly or jointly and must be paid by the date of the sentencing for defendant Paul Calcasola. Upon proof of payment sent to the U.S. Attorney's Office and confirmation thereof from the City of Springfield, the U.S. Attorney's Office will dismiss Elisabel Rivas from Indictment CR-N-40002-MAP.

2.  **Penalties**

Defendant Paul Calcasola faces a maximum term of imprisonment of five years, a fine of $250,000.00, three years of supervised release, and a special assessment of $100.00 for Count One, Conspiracy to Commit Bank Fraud, a violation of Title 18, United States Code, Sections 371 and 1344.

3.  **Sentencing Guidelines**

The parties agree that the following provisions apply with regard to offense conduct, adjustments and criminal history under the 2000 United States Sentencing Guidelines:

  (a)  The parties agree that § 2F1.1(b)(1)(A) applies, resulting in a Base Offense Level 6 for $1,800.00 of fraud; and,

  (b)  The parties agree that § 3E1.1 applies, resulting in an Offense Level 4. This equals a sentencing range of 0 to 6 months.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant Paul Calcasola:

  (c)  Fails to admit a complete factual basis for the plea;

  (d)  Fails to truthfully admit his conduct in the offenses of conviction;

  (e)  Falsely denies, or frivolously contests, relevant conduct for which Defendant Paul Calcasola is accountable under U.S.S.G. § 1B1.3;

  (f)  Fails to provide truthful information about his financial status;

  (g)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant Paul Calcasola is accountable under U.S.S.G. § 1B1.3;

  (h)  Engages in acts which form a basis for finding that Defendant Paul Calcasola has obstructed or impeded the administration of justice under U.S.S.G. §

    3C1.1;

 (i) Intentionally fails to appear in Court or violates any condition of release;

 (j) Commits a crime;

 (k) Transfers any asset protected under any provision of this Agreement; and/or

 (l) Attempts to withdraw his guilty plea.

 Defendant Paul Calcasola expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

 Defendant Paul Calcasola expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant Paul Calcasola obstructs justice after the date of this Agreement.

 4. <u>Sentence Recommendation</u>

 The parties agree to recommend a sentence of probation. The parties remain free to argue for an appropriate fine within the applicable sentencing guideline range set by the U.S. Probation Office. Defendant Paul Calcasola agrees to pay $1,800.00 in restitution to the City of Springfield as outlined in Paragraph 8.

 The U.S. Attorney and Defendant Paul Calcasola agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines except as outlined in Paragraph 8. Neither the U.S. Attorney nor Defendant Paul Calcasola will seek a departure on any ground from the Sentencing Guidelines except as outlined in Paragraph 8.

 In the event of an appeal from, or collateral challenge to, Defendant Paul Calcasola's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant Paul Calcasola's sentence and the manner in which the District Court determines it.

 5. <u>Payment of Mandatory Special Assessment</u>

 Defendant Paul Calcasola agrees to pay the special assessment of $100.00 due to the Clerk of the United States District Court on or before the date of sentencing, unless Defendant Paul Calcasola establishes to the satisfaction of the Court that Defendant Paul

Calcasola is financially unable to do so.

6. <u>Waiver of Hyde Amendment Claim</u>

Defendants Paul Calcasola and Elisabel Rivas are aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment", authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, defendants Paul Calcasola and Elisabel Rivas voluntarily and knowingly waive any claim that he or she might assert under this statute or any other statute.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant Paul Calcasola is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant Paul Calcasola knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant Paul Calcasola's guilty plea and any other aspect of his conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant Paul Calcasola with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new

4

legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.   Cooperation

   a.   Terms of Cooperation

Defendants Paul Calcasola and Elisabel Rivas agree to cooperate fully with law enforcement agents and government attorneys. They must provide complete and truthful information to all law enforcement personnel. If their testimony is requested, they must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendants Paul Calcasola and Elisabel Rivas must answer all questions put to them by any law enforcement agents or government attorneys and must not withhold any information. They must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, they must furnish all documents, objects and other evidence in their possession, custody or control that are relevant to the government's inquiries.

Defendants Paul Calcasola and Elisabel Rivas understand that they have a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which they have been charged. To facilitate their cooperation, Defendants Paul Calcasola and Elisabel Rivas hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendants Paul Calcasola and Elisabel Rivas or their counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendants Paul Calcasola and Elisabel Rivas waive any rights they may have to prompt sentencing and/or

5

disposition of their cases and will join in any requests by the U.S. Attorney that sentencing and/or disposition of their cases be postponed until Defendants' cooperation is complete. Defendants understands that the date of Defendant Paul Calcasola's sentencing is within the sole discretion of the Court and that this Agreement may require Defendants' cooperation to continue even after Defendant has been sentenced. Defendants' failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendants.

In return for Defendants Paul Calcasola and Elisabel Rivas' full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendants pursuant to this Agreement or pursuant to the proffer letters dated July 13, 2003, May 14, 2004 and June 23, 2004 (or any information directly or indirectly derived therefrom) against Defendants in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant Paul Calcasola pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant Paul Calcasola or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendants Paul Calcasola and Elisabel Rivas have breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendants Paul Calcasola and Elisabel Rivas for any and all offenses that could be charged against them in the District of Massachusetts, including, but not limited to, false statements and perjury.

9.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not

6

binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant Paul Calcasola faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant Paul Calcasola's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant Paul Calcasola may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant Paul Calcasola withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10. <u>Restitution</u>

Defendants Paul Calcasola and Elisabel Rivas agree to repay the City of Springfield $1,800.00 for the balance of funds fraudulently obtained through the City of Springfield's Home Loan Program. Defendants Paul Calcasola and Elisabel Rivas agree to pay the City of Springfield $1,800.00 by the date of defendant Paul Calcasola's sentencing. Payments made by either defendant Paul Calcasola or Elisabel Rivas singly shall be credited jointly to their respective restitution obligations under the terms of this plea agreement. The total restitution payments to the City of Springfield made by defendants Paul Calcasola and/or Elisabel Rivas shall not exceed $1,800.00. Upon proof of payment sent to the U.S. Attorney's Office and confirmation thereof from the City of Springfield, the U.S. Attorney's Office will dismiss Elisabel Rivas from Indictment CR-N-40002-MAP.

Defendants Paul Calcasola and Elisabel Rivas specifically agree and understand that if full restitution to the City of Springfield has not been made by the date of defendant Paul Calcasola's sentencing, the failure to make restitution constitutes a breach of the Agreement as referenced in Paragraph 12, and this Agreement shall become null and void at the sole discretion of the U.S. Attorney.

11. <u>Information For Presentence Report</u>

Defendant Paul Calcasola agrees to provide all information requested by the U.S. Probation Office concerning his assets.

12. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not

compromise any civil liability, including but not limited to any tax liability, which Defendant Paul Calcasola may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13.  Rejection of Plea By Court

Should Defendant Paul Calcasola's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant Paul Calcasola, this Agreement shall be null and void at the option of the U.S. Attorney.

14.  Breach of Agreement

If the U.S. Attorney determines that Defendants Paul Calcasola and Elisabel Rivas have failed to comply with any provision of this Agreement, have violated any condition of their pretrial release, or have committed any crime following their execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendants Paul Calcasola and/or Elisabel Rivas, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant Paul Calcasola recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of defendant Paul Calcasola's guilty plea. Defendants Paul Calcasola and Elisabel Rivas understand that, should they breach any provision of this agreement, the U.S. Attorney will have the right to use against defendants Paul Calcasola and Elisabel Rivas before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by them, and any information, materials, documents or objects which may be provided by them to the government subsequent to this Agreement without any limitation. In this regard, defendants Paul Calcasola and Elisabel Rivas hereby waive any defense to any charges which they might otherwise have under any statute of limitations or the Speedy Trial Act.

15.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and defendants Paul Calcasola and Elisabel Rivas, please have defendants Paul Calcasola and Elisabel Rivas sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney


By:_____
    KEVIN O'REGAN
    Assistant U.S. Attorney
    Chief, Springfield Office

    WILLIAM M. WELCH II
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I am entering into this Agreement freely, voluntarily and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Paul Calcasola

Date: 10-1-04

I certify that: Defendant Paul Calcasola has had full and adequate opportunities to consult with me at all stages of this case; he has had full and adequate opportunities to review, explore, and discuss with me all of the legal and factual issues in the case; I have fully apprised Defendant Paul Calcasola of all plea offers tendered by the U.S. Attorney and Defendant Paul Calcasola has fully participated in the negotiations resulting in this Agreement; Defendant Paul Calcasola has read this Agreement in full; I have explained the terms of this Agreement to him and discussed fully all of the rights he will be giving up by entering into this Agreement and pleading guilty; and Defendant Paul Calcasola has stated that he understands the terms of this Agreement and its legal consequences. I believe Defendant Paul Calcasola is entering into this Agreement freely, voluntarily and knowingly and I have observed him execute this letter.

_____
C. Jeffrey Kinder, Esq.
Attorney for Paul Calcasola

Date: 10-1-04

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I am entering into this Agreement freely, voluntarily and knowingly, and I believe this Agreement is in my best interest.

*[signature]*
Elisabel Rivas

Date: 9/17/04

I certify that: Defendant Elisabel Rivas has had full and adequate opportunities to consult with me at all stages of this case; she has had full and adequate opportunities to review, explore, and discuss with me all of the legal and factual issues in the case; I have fully apprised defendant Elisabel Rivas of all plea offers tendered by the U.S. Attorney and defendant Elisabel Rivas has fully participated in the negotiations resulting in this Agreement; defendant Elisabel Rivas has read this Agreement in full; I have explained the terms of this Agreement to her and discussed fully all of the rights she will be giving up by entering into this Agreement; and defendant Elisabel Rivas has stated that she understands the terms of this Agreement and its legal consequences. I believe defendant Elisabel Rivas is entering into this Agreement freely, voluntarily and knowingly and I have observed her execute this letter.

Judith C. Knight, Esq.
Attorney for Elisabel Rivas

Date: _____